# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| IN RE DAVID SCOTT CAMPBELL,<br><br>          *Debtor.* | CHAPTER 7 CASE NO. 10-60197<br><br>CASE NO. 3:10-CV-00068<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

In this interlocutory appeal, Appellant and Debtor David Scott Campbell ("Debtor") seeks reversal of an order of the United States Bankruptcy Court of the Western District of Virginia ("Bankruptcy Court") granting the motion of Appellees and Creditors Mark H. and Stacy L. Dean ("Creditors") for an extension of time to file a nondischargeability complaint in Debtor's Chapter 7 bankruptcy proceeding. For the reasons stated below, the Court will reverse the order of the Bankruptcy Court.

## I. BACKGROUND

The David S. Campbell Construction Company ("Campbell Construction"), a Virginia corporation of which Debtor is allegedly the sole owner, entered into a construction contract with Creditors on March 28, 2005 for the construction of a home in Albemarle County, Virginia. Four years later, Creditors brought suit against Campbell Construction and against Debtor in the Circuit Court of Albemarle County, Virginia, alleging breach of contract, fraud, and conversion, and seeking damages and an accounting in relation to the construction project.

Debtor filed a petition with the Bankruptcy Court for protection under Chapter 7 of Title 11 of the United States Code on January 27, 2010. The meeting of creditors was set for February 19, 2010, and, accordingly, the deadline to file a complaint objecting to discharge of the debt or

to determine dischargeability of certain debts under 11 U.S.C. § 523(c) was set for April 20, 2010 (the "bar date"). Debtor failed to list Creditors on the petition as required by 11 U.S.C. § 521(a)(1)(A), thereby providing no formal notice to Creditors of the filing of the bankruptcy case or of the deadline for filing a nondischargeability complaint.

On March 25, 2010, Debtor filed in the Circuit Court of Albemarle County a Notice of Bankruptcy and Automatic Stay. Through this notice, Creditors first learned of Debtor's Chapter 7 petition. Creditors filed an appearance in the bankruptcy proceeding and a request for notice on June 1, 2010, and that same day submitted a proof of claim stating $316,681.84 as the amount of the claim. On July 20, 2010, approximately three months after expiration of the bar date, Creditors filed in the Bankruptcy Court a Motion for Extension of Time to File Objection to Discharge of Debt, alleging that they had not received notice within a reasonable time to timely file a complaint to determine the dischargeability of debt under 11 U.S.C. § 523(a)(2), (4), and (6). Creditors attached a Complaint Objecting to Dischargeability of Debt to their motion.[1] After briefing and oral argument on the issue, the Bankruptcy Court issued an order dated September 3, 2010 permitting Creditors to file their adversary proceeding within seven days of the order. The Bankruptcy Court did not make any findings of fact on the record.

This Court granted leave for Debtor to make an interlocutory appeal to the district court, and Debtor timely filed its appeal of the September 3, 2010 order. There is appellate jurisdiction over the matter pursuant to 28 U.S.C. § 158(a)(3). Under Federal Rule of Bankruptcy Procedure 8009 and the briefing notice filed in this matter (docket no. 4), the parties' failure to request oral argument is deemed a waiver. Therefore, the issues are submitted for decision on the briefs.

---

[1] The Complaint Objecting to Dischargeability of Debt seeks to except from discharge certain debt. It should not be confused with a complaint to object to the grant of discharge under 11 U.S.C. § 727(a), which would be governed by the procedures set forth in Federal Rule of Bankruptcy Procedure 4004.

## II. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. *Terry v. Meredith (In re Meredith)*, 527 F.3d 372, 375 (4th Cir. 2008) (citing *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001)). Mixed questions of law and fact are also reviewed de novo. *Zurich Am. Ins. Co. v. Tessler (In re J. A. Jones, Inc.)*, 492 F.3d 242, 249 (4th Cir. 2007).

## III. DISCUSSION

When a debtor files for bankruptcy under Chapter 7, he is generally discharged from all debts existing before the order for relief. 11 U.S.C. § 727(b). Section 523, however, provides exceptions to this rule. Creditors' complaint alleges that the debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) ("false pretenses, a false representation, or actual fraud"), 523(a)(4) ("fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"), and 523(a)(6) ("willful and malicious injury").

A separate exception from discharge, one not alleged in Creditors' complaint but pertinent to this appeal, is provided in § 523(a)(3)(B). That provision specifies that certain debts are not dischargeable where the creditor could not timely file a complaint because he was omitted from the schedules. More precisely, § 523(a)(3)(B) provides that a discharge does not discharge an individual debtor from any debt

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> . . .
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under

one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Section 523(c)(1) provides the means for a creditor to trigger exceptions to the general rule that a Chapter 7 filing discharges debts:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Section 523(c)(1) appears to exempt debts under § 523(a)(3)(B) from the requirements set forth in § 523(c)(1).

The time for bringing a § 523(c) complaint is governed by Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, which provides, in pertinent part:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired.*

Fed. R. Bankr. P. 4007(c) (emphasis added).

Enlargement of the time to file a § 523(c) nondischargeability complaint is governed by Federal Rule of Bankruptcy Procedure 9006(b)(3), which provides:

> Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, *only to the extent and under the conditions stated in those rules*.

Fed. R. Bankr. P. 9006(b)(3) (emphasis added).

These two rules, when read in conjunction, seemingly bar the court from enlarging the time to file a complaint to determine the dischargeability of a debt under § 523(c) beyond the bar date. But if § 523(a)(3)(B) is considered exempted from the operation of § 523(c), then the time for bringing a complaint under § 523(a)(3)(B) is governed by Rule 4007(b), not Rule 4007(c). Rule 4007(b) provides:

> Time for commencing proceeding other than under § 523(c) of the code. A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

Fed. R. Bankr. P. 4007(b).

In the instant appeal, it is undisputed that Creditors gained actual knowledge of the bankruptcy petition on or about March 25, 2010, when the Notice of Bankruptcy and Automatic Stay was filed in Creditors' state court suit. The question Debtor presents is whether the Bankruptcy Court had authority to grant an enlargement of time to file in light of the mandatory language of Rules 4007(c) and 9006(b)(3), and if so, whether Creditors had actual knowledge of the bankruptcy petition in time to timely file a complaint prior to the bar date.

I need not address the second issue because the Bankruptcy Court erred in granting the motion for extension of time to file the complaint objecting to dischargeability of the debt. Creditors' complaint does not request the court to except from discharge its debts pursuant to § 523(a)(3)(B). Instead, Creditors' complaint requests a determination of the dischargeability of its debts pursuant to § 523(a)(2), (4), and (6). This matter falls squarely within the application of § 523(c) and Rule 4007(c), which require that a motion for extension of time to file a complaint be filed before the bar date. Here it was not. Rule 9006(b)(3) clearly limits the court's discretion

to enlarge the time for filing a complaint to the conditions stated in Rule 4007(c), which were not met.

The circumstances here resemble those in *In re Bateman*, in which a creditor was not listed on a Chapter 7 debtor's schedule but received actual notice of the bankruptcy petition twenty-six days before the bar date. No. 99-2-1790, 2000 Bankr. LEXIS 1375, at *2-3 (Bankr. D. Md. Apr. 26, 2000). After the bar date, the creditor filed a motion for extension of time to file a complaint to determine dischargeability under § 523(a)(4). *Id.* at *5. The court denied the motion, reasoning that it lacked discretion under the bankruptcy rules to grant a motion for enlargement. *Id.* at *2, *5. The court clarified that the denial did not dispose of the creditor's potential cause of action because the opinion did not address the result if the creditor were to file a complaint under § 523(a)(3)(B). *Id.*

If the creditor chooses to bring a new complaint seeking to except from discharge debts of the kind covered by § 523(a)(3)(B), then it will be appropriate at that time for the Bankruptcy Court to determine whether the interval of approximately twenty-six days between the date Creditors gained actual knowledge of the bankruptcy petition and the bar date provided sufficient time to file the complaint before the bar date.

In opposition of Debtor's argument on appeal, Creditors cite *Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244 (4th Cir. 1994). In *Farouki*, the creditor filed a motion for enlargement of time to file an objection to a Chapter 7 discharge that was timely pursuant to Rule 4004, which governs objections to discharge, because it was filed before the sixty-day time limit for objections expired. *Id.* at 246. At the hearing on the motion, the attorney for the creditor was absent due to car trouble and the motion was denied. *Id.* The same day, the creditors brought a motion for reconsideration of the denial of the motion for enlargement of

time, which the bankruptcy court granted because the attorney's absence was due to car trouble and therefore excusable. *Id.* at 246-47. The bankruptcy court permitted the creditors to file a complaint objecting to the discharge, and the district court affirmed. On appeal to the United States Court of Appeals for the Fourth Circuit, the debtor argued that the bankruptcy court lacked jurisdiction to grant the motion for reconsideration because such a ruling violated the strict time limitations imposed by Rule 4004(b). *Id.* at 247. The Fourth Circuit found that the bankruptcy court had jurisdiction because the creditor "timely filed a motion for enlargement of time to file an objection to discharge." *Id.* at 248. The Fourth Circuit then held that Rule 4004(a) did not preclude the bankruptcy court "from exercising its equitable powers in extraordinary cases" to grant the motion for reconsideration. *Id.* The Fourth Circuit carefully stressed that the bankruptcy court had not exercised its equitable powers to permit the late filing of an objection to discharge. *Id.* at 248 n.11.

My decision is consistent with *Farouki*. The Fourth Circuit did not have occasion to decide in *Farouki* whether a bankruptcy court has equitable powers to grant an untimely motion for enlargement of time to file a complaint objecting to discharge because the motion for enlargement of time in that case was timely filed before the Rule 4004 deadline. In any case, the only basis for exercising equitable discretion even remotely suggested by Creditors is to ensure that Creditors had "a reasonable time" to file their complaint after they gained actual knowledge of the bankruptcy petition. (Appellees' Br. 4.) But such an argument is more appropriately raised in the context of a complaint seeking an exception from discharge pursuant to § 523(a)(3)(B), which provides an explicit statutory exception from discharge for certain debts for which the creditor is not given sufficient time to file its complaint prior to the bar date.

The second authority that Creditors point to is *Zurich American Insurance Co. v. Tessler (In re J.A. Jones, Inc.)*, 492 F.3d 242 (4th Cir. 2007). There, creditors were given no actual notice and had no actual knowledge of a Chapter 11 bankruptcy proceeding and filed a motion for extension of time to file a pre-petition claim after the expiration of the bar date. *Id.* at 248. The bankruptcy court granted the motion on the ground that the creditor was a "known creditor" and had not been notified or otherwise made aware of the bankruptcy matter. *Id.* The district court affirmed. *Id.* at 249. On appeal to the Fourth Circuit, the contested issue was whether the creditor had been provided with constitutionally adequate notice to satisfy due process, which turned on whether the creditor was "known" to the debtor. *Id.* at 249. The Fourth Circuit held that because the notice was inadequate to satisfy due process, the bankruptcy court was justified in granting the untimely motion for enlargement. *Id.* at 251.

Creditors argue that the Fourth Circuit in *In re J.A. Jones* "implicitly" held that "the timeliness provisions in Rule 4007 are subject to extension." (Appellees' Br. 3.) But Rule 4007 is never mentioned in the opinion, and the decision is grounded on a violation of constitutional due process. Because Creditors claim no constitutional defects in the present matter, *In re J.A. Jones* does not control its outcome.

I emphasize that my decision is narrow—I do not comment on the timeliness of a motion to file a complaint to except debt pursuant to § 523(a)(3)(B), only on a motion to file a complaint pursuant to § 523(a)(2), (4), and (6). Should Creditors seek to file a § 523(a)(3)(B) complaint, it will be the Bankruptcy Court's duty to address any issues related to the timeliness of its filing.

### IV. CONCLUSION

For the reasons stated herein, the order of the Bankruptcy Court granting the motion for extension of time to file a complaint to determine the dischargeability of debt must be reversed,

and this matter will be remanded to the Bankruptcy Court for further proceedings consistent with this opinion. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 11th day of March, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE